**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00071-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Barbara Von Blanckensee, | |
| Respondent. | |

Pending before the Court is Plaintiff's "Motion for Order for Transfer PreClearance and to Cease Tampering with Mail." (Doc. 23.) Plaintiff's Motion seeks an Order directing that leave of Court be obtained before transferring Plaintiff to another facility. (*Id*. at 2-3.) The Motion also appears to request reconsideration of the Court's Order denying her Petition (*id*. at 3-6), which Petitioner construes as "preliminary relief" pursuant to Fed. R. App. P. 8.

This case was closed on October 6, 2022, when the Court adopted in part and modified in part Magistrate Judge Rateau's Report and Recommendation recommending denial of Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and denied the Petition. (Docs. 17, 19, 20.) On January 6, 2023, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals. (Doc. 21.)[1]

---

[1] The Notice of Appeal appears to indicate that Petitioner filed a Notice of Appeal prior to this date that the Court did not receive. (Doc. 21.)

Plaintiff's filing of a Notice of Appeal divests this Court of jurisdiction over the issues raised in the Motion that are also raised on appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Novak*, 2022 WL 16951340, at *2 (E.D. Cal. Nov. 15, 2022) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "[T]he principle of divestiture is not absolute; there are exceptions." *Id.* (citing *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002)). "The purpose of the rule is to promote judicial economy and avoid the confusion of having the same issues before two courts simultaneously." *Id.* Because this matter is now before the Ninth Circuit Court of Appeals, this Court lacks jurisdiction over Plaintiff's Motion to the extent that the issues raised in the Motion are coextensive with those raised on appeal. To the extent that this Court retains jurisdiction over any matters raised in the Motion, it will deny the Motion for the following reasons.

Plaintiff argues that Fed. R. App. P. 23(a) requires leave of court before a habeas litigant may be transferred. That Rule provides:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a).

The habeas corpus proceeding before this Court, now on appeal to the Ninth Circuit Court of Appeals, does not implicate Petitioner's release from custody. Rather, the Petition involved claims regarding administrate review of Petitioner's placement in the Special Housing Unit (SHU). (*See* Doc. 19.) Furthermore, Petitioner does not allege that her custody is pending transfer; the Motion states that she is "pending redesignation

in SHU." (Doc. 23.) There is no indication that placement or "redesignation" in the SHU falls within the meaning of a custody transfer under Fed. R. App. P. 23. Accordingly, Plaintiff's request for leave of court before her custody is transferred will be denied.

Plaintiff argues that Fed. R. App. P. 8 permits her to "seek a remedial order pending litigation, but not before presenting it to the District Court." (Doc. 23 at 3.) Petitioner then proceeds to argue grounds for reconsideration of the Court's October 6, 2022 Order denying her Petition. (*Id*. at 3-6.) Rule 8 provides:

> (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
> (A) a stay of the judgment or order of a district court pending appeal;
> (B) approval of a bond or other security provided to obtain a stay of judgment; or
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8(a).

Petitioner does not request a stay of the relevant Order, nor any other relief under Rule 8. Rather, she "disagrees with the Court's conclusions" and disputes the Court's legal conclusions and factual determination. (Doc. 23 at 3-6.) Thus, the Motion does not present grounds for staying the judgment and Order under Rule 8. To the extent that Plaintiff is requesting reconsideration of the October 6, 2022 Order, the Motion is untimely. LRCiv. 7.2(g) (absent good cause, a motion for reconsideration shall be filed no later than 14 days after the filing of the order). Furthermore, the issues raised in this portion of the Motion are coextensive with Petitioner's appeal and the Court therefore lacks jurisdiction to decide them.

Lastly, Petitioner asks that Respondent be ordered to cease tampering with Petitioner's mail and "must begin a log of each piece of legal or special mail received from the petitioner with the date of receipt and date of mailing, all outgoing legal mail or special mail the same as it logs incoming legal or special mail." (*Id*. at 7.) Plaintiff supports this request with allegations that her mail and the mail of other inmates has

disappeared and that she has overheard mailroom staff "openly bragging about shredding and opening legal and special mail." (*Id*. at 1-2.) The Court does not find grounds to grant relief based on these conclusory and unsupported allegations.

Accordingly,

**IT IS ORDERED** that the Motion for Order for Transfer PreClearance and to Cease Tampering with Mail (Doc. 23) is **denied**.

Dated this 30th day of January, 2023.

_____
Honorable Rosemary Márquez
United States District Judge